IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MARK GEORGE HENDRYCH, )
)
) 2:18-CV-00701-MJH
Plaintiff, )
)
vs. )
)
SHELTAIR AVIATION LGA, LLC, )
)

Defendant,

OPINION AND ORDER

Plaintiff, Mark George Hendrych ("Hendrych") brings the within action for negligence (Count I), gross negligence/recklessness & punitive damages (Count II), and misbailment (Count III) arising from the damages to his airplane allegedly caused by an employee of Defendant, Sheltair Aviation LGA, LLC ("Sheltair"), while backing up a fuel truck. (ECF No. 77). Sheltair has filed a Motion to Dismiss Pursuant to Fed R. Civ. P. 12(b)(6) requesting dismissal of the punitive damages claim. (ECF No. 78). After careful consideration of Hendrych's Third Amended Complaint (ECF No. 77), Sheltair's Motion to Dismiss and Brief in Support (ECF Nos. 78 and 79), Hendrych's Brief in Opposition (ECF No. 80), Sheltair's Reply Brief (ECF No. 81), Hendrych's Sur-Reply Brief (ECF No. 82), and for the following reasons, Sheltair's Motion to Dismiss is granted.

I.  **Background**

This action arises from damage to Hendrych's parked Seneca aircraft when Sheltair's fuel truck reversed into it. (ECF No. 77 at ¶ 1). Hendrych alleges that the accident occurred because Sheltair and its employee violated several safety rules, regulations, and standards. *Id.* at ¶¶ 1,2, 28. He further alleges that the said rules, regulations, and standards are intended to protect the

public against fires, explosions, and damage caused by fuel trucks colliding with aircraft. *Id.* at ¶ 28. Hendrych claims punitive damages on the basis that Sheltair acted with a deliberate, willful, wanton and reckless disregard for his Seneca Aircraft that would warrant punitive damages. *Id.* at ¶ 59-60.

## II. Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const.*

*Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

### III. Discussion

Hendrych claims that Sheltair's conduct warrants punitive damages because it violated numerous safety standards and regulations. The standard for an award of punitive damages in

3

New York[1] is a demanding one. *West v. Goodyear Tire & Rubber Co.*, 973 F. Supp. 385, 387 (S.D.N.Y. 1997). "Plaintiff must show the defendant's conduct to be 'so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others' and that the conduct demonstrates a 'high degree of moral culpability.' *Id.* In *Roginsky v. Richardson–Merrell, Inc.*, 378 F.2d 832, 842–43 (2d Cir.1967) (citations omitted), the Second Circuit noted that New York courts have used a variety of phrases to describe the "moral culpability" that will support punitive damages for nonintentional torts including: "utter recklessness," *Caldwell v. New Jersey Steamboat Co.*, 47 N.Y. 282, 296 (1872); "reckless and of a criminal nature, and clearly established," *Cleghorn v. New York Cent. & H.R.R.R.*, 56 N.Y. 44, 48 (1874); "wanton or malicious, or gross and outrageous" or "a design to oppress and injure," *Powers v. Manhattan Ry.*, 120 N.Y. 178, 182, 24 N.E. 295 (1890); "conscious indifference to the effect of his acts," *Gostkowski v. Roman Catholic Church of the Sacred Hearts of Jesus and Mary*, 262 N.Y. 320, 323, 186 N.E. 798 (1933); action "committed recklessly or wantonly, i.e., without regard to the rights of the plaintiff, or of people in general," *Soucy v. Greyhound Corp.*, 27 A.D.2d 112, 276 N.Y.S.2d 173, 175 (3d Dept.1967). In summary, the Second Circuit held that "[t]he recklessness that will give rise to punitive damages must be close to criminality" and like criminal behavior, it must be "clearly established." *Roginsky* 378 F.2d at 843 (2d Cir.1967) (citations omitted). In *Karen S. v. Streitferdt*, 172 A.D.2d 440, 568 N.Y.S.2d 946, 947 (1st Dept.1991) the court stated "even where there is gross negligence, punitive damages are awarded in 'singularly rare cases' such as cases involving an improper state of mind or malice or cases involving wrongdoing to the public." *Id.*

---

[1] Upon review of their briefs, the parties agree that New York law applies in this case. Accordingly, the Court will review the appropriate standards under New York law.

Sheltair argues that the facts as alleged amount to ordinary negligence that, even if true, fail to merit punitive damages. In its analysis of the parties' arguments, the Court has examined cases under New York law where plaintiffs have alleged punitive damages for safety violations. In *Henderson v. United Parcel Serv., Inc.*, 675 N.Y.S.2d 715 (1998), plaintiffs commenced an action after their five-year-old son died when defendant's delivery truck struck him while backing up in the driveway of his home. *Id.* at 716. The claim for punitive damages in *Henderson* was "premised upon defendant's alleged recklessness in failing to adequately instruct its employees about backing up and in failing to equip its vehicles with either a sound device to alert the public of their presence or a rear-mounted blind-spot mirror despite its knowledge that these failures caused similar accidents in the past." *Id.* However, the *Henderson* Court concluded that punitive damages were unwarranted under these facts. In *Heller v. Louis Provenzano, Inc.*, 303 A.D.2d 20, 25, 756 N.Y.S.2d 26, 31 (2003), the court held that violations of safety regulations for a trip and fall while exiting a garage freight elevator were insufficient to warrant punitive damages. *Id.* Likewise, in *Deleo v. Cty. of Monroe*, 130 A.D.3d 1549, 1550–51, 14 N.Y.S.3d 261, 263 (N.Y. App. Div. 2015), the plaintiff contended that a claim for punitive damages in a motor vehicle accident was warranted because defendants did not have a safety plan or training regarding the placement of the mound of soil at the project and therefore violated safety and industry standards. *Id.* The *Deleo* Court rejected the contention that "such a violation did not constitute 'negligence per se,' but was 'merely some evidence of negligence.'" *Id.*

Here, the accident at issue, as detailed by Hendrych in the photographs attached to his Third Amended Complaint, involved low-speed contact between a fuel truck and Seneca aircraft. (ECF No. 77-2). While significant damage to the aircraft may have resulted, the Third Amended

Complaint does not allege that Sheltair or its employee intended to strike Hendrych's aircraft or that the employee was acting with any malice directed to Hendrych. Further, despite the doomsday scenarios presented in Hendrych's Third Amended Complaint, Hendrych does not aver any jet fuel spillage, explosions, death, or physical injuries. Such allegations would be speculative and impertinent in the facts of this case. The allegations in the Third Amended Complaint fail to reach the level of culpability necessary under New York law for a claim of gross negligence and/or punitive damages. Instead, the facts of the incident at hand are aligned with the analogous cases cited above, where violations of safety standards only support claims of ordinary negligence. The facts as alleged do not support the "singular rare case" where punitive damages are warranted. Therefore, Hendrych's Third Amended Complaint fails to aver sufficient facts to support punitive damages under New York law. As the this is Hendrych's third attempt to sufficiently plead a claim for punitive damages, any further amendment is deemed futile. Accordingly, Hendrych's claims for punitive damages are dismissed.

## ORDER

AND NOW, this 21st day of May 2019, after careful consideration of Hendrych's Third Amended Complaint (ECF No. 77), Sheltair's Motion to Dismiss and Brief in Support (ECF Nos. 78 and 79), Hendrych's Brief in Opposition (ECF No. 80), Sheltair's Reply Brief (ECF No. 81), Hendrych's Sur-Reply Brief (ECF No. 82), and for the foregoing reasons, Sheltair's Motion to Dismiss is granted. Hendrych's claims for punitive damages are dismissed. Defendant shall filed its Answer on or before June 4, 2019.

BY THE COURT:

Marilyn J. Horan
United States District Judge