IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MARK GEORGE HENDRYCH, | ) |
| | ) |
| Plaintiff, | ) 2:18-CV-00701-MJH |
| | ) |
| vs. | ) |
| | ) |
| SHELTAIR AVIATION LGA, LLC, | ) |
| | ) |
| Defendant, | |

MEMORANDUM OPINION AND ORDER

Presently before the Court are Defendant's Motion for Sanctions (ECF No. 127), Plaintiff's Response in Opposition (ECF No. 128), Defendant's Reply Brief (ECF No. 131), Plaintiff's Motion for Leave to File Reply to Response and Sur-Reply to Defendant's Motion for Sanctions (ECF No. 135), and Plaintiff's Notice to Withdraw Goglia as Expert in Case in Chief (ECF No. 137). Upon its review of the following, Defendant's Motion for Sanctions will be granted in part, denied in part, and deferred in part.

**I.   BACKGROUND**

This matter arises from Mr. Hendrych's claim for damages to his airplane allegedly caused by a Sheltair employee while backing up a fuel truck. Expert discovery deadlines were originally set forth by a December 5, 2019 Court Order. (ECF No. 106). On January 31, 2020, Plaintiff produced reports from four experts: an appraiser (Richard Lucas); a licensed Airframe & Powerplant (A&P) mechanic (Edward Libassi); an FAA Designated Engineering Representative (DER) (Michael Levenson); and Plaintiff himself. (ECF No. 127 at ¶ 4). Defendant deposed each of the four experts in Summer 2020. *Id*. at ¶ 5. On September 21,

2020, Sheltair produced reports from three experts: an appraiser (Jeffrey Soules); an A&P Mechanic (Leonard Boyd); and a DER (Jon Moore). *Id*. at ¶ 6.

On November 2, 2020, Plaintiff advised that Michael Levenson, Plaintiff's DER expert, passed away on October 15, 2020. (ECF No. 115). Plaintiff then moved to add experts, Michael Borfitz and the Honorable John Goglia, to account for Levenson's unavailability and to rebut Defendant's reports regarding repair practices and repair costs. *Id*. By its December 2, 2020 Order, this Court permitted Plaintiff to secure up to "two experts, whose opinion(s) are within the scope, do not exceed Michael J. Levenson's original report, and do not duplicate one another." (ECF No. 125). The Court denied Plaintiff's request for any additional rebuttal reports. *Id*. The Order also required Plaintiff to submit any new reports on or before January 25, 2021. *Id*. On January 25, 2021, Plaintiff served two expert reports: one from Borfitz and one from Goglia.

On February 2, 2021, Defendant filed the instant Motion for Sanctions on the basis that Plaintiff has violated this Court's December 2, 2020 Order. On March 14, 2021, following briefing and responses to Defendant's Motion for Sanction, Plaintiff filed a notice that he was withdrawing Goglia as an expert in his case in chief.

II.     DISCUSSION

Fed. R. Civ. P. 37 provides for sanctions in relevant part as follows:

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i)        directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)       prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)      striking pleadings in whole or in part;

(iv)      staying further proceedings until the order is obeyed;

(v)       dismissing the action or proceeding in whole or in part;

(vi)      rendering a default judgment against the disobedient party; or

(vii)     treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). Should the Court find that a party has disobeyed a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### A. Report Duplication

Defendant argues that the Borfitz and Goglia reports are materially identical and therefore violate this Court's express order that any reports to replace Levenson's should "not duplicate one another." Defendant specifically has highlighted instances throughout the Goglia Report that are verbatim to the Borfitz report. (ECF Nos. 127 at ¶ 12 and 127-4). In his response, Plaintiff counsel acknowledges that Borfitz and Goglia's "overlapped because [he and his client] were not sure if both would testify depending on outstanding issues." (ECF No. 128 at p. 1). Plaintiff asserts that he did not receive Borfitz and Goglia's draft expert reports until the morning of January 25, 2021 and that he would have designated certain opinions by each expert

3

to avoid duplication. *Id*. at p. 2. Because of issues related to Plaintiff counsel's health, he did not provide those designations until his February 11, 2021 response to the within motion for sanctions. *Id*.

While the Court is not unsympathetic to Plaintiff counsel's emergent and ongoing medical issues, the arrival of the Borfitz and Goglia reports to Plaintiff counsel on the morning of their due date does not reflect a diligent effort to review and prepare them for submission. Counsel was well aware of this Court's anti-duplication directive in its December 2, 2021 Order. Plaintiff counsel knew at some point between October 15, 2021 and November 2, 2021 that Mr. Levenson would no longer be available for trial. When he filed a motion to add experts on November 2, 2021, Plaintiff's counsel indicated that he was requesting to add Borfitz and Goglia to replace Levenson and even provided affidavits on November 17, 2021 that both had undertaken at least some review of the case. (ECF Nos. 115, 118-1, and 118-2). By December 2, 2021, counsel had the greenlight from this Court to proceed with one or two experts as long as those experts did not duplicate or exceed the scope of the Levenson report and that those report(s) were due by the January 25, 2021 deadline. Any drafting and designations of Borfitz and Goglia's reports should have occurred well before the January 25, 2021 deadline and before they were transmitted to defense counsel. Further, Plaintiff counsel made no representation that he intended to designate certain opinions when he first transmitted those reports to defense counsel. Furthermore, Plaintiff's counsel did not withdraw Goglia's report until March 14, 2021, more than a month after Defendant filed its Motion for Sanctions.

Therefore, based upon the Court's review of the reports and Plaintiff counsel's own acknowledgment that the Borfitz and Goglia reports contain duplications, the Court finds that Plaintiff's counsel violated this Court's December 2, 2021 Order.

### B. Scope of Reports relative to Levenson's Report

Defendant next argues that both the Borfitz and Goglia reports exceed the scope of Levenson's report because both contain rebuttals of defense experts' opinions. Plaintiff denies that the reports exceed the scope of Levenson's report. In Plaintiff's response to the Motion for Sanctions, he designated the opinions to which Goglia and Borfitz would testify. (ECF No. 128 at p. 2). Plaintiff also maintains that he would be prejudiced if Goglia and Borfitz are not permitted to refute A&P Mechanic Boyd's opinion. (ECF No. 135 at p. 4-5). Plaintiff has since withdrawn Goglia as an expert. (ECF No. 137). Thus, the Court will only evaluate the Borfitz opinion designations against Mr. Levenson's report.

Plaintiff's Counsel has proffered that Borfitz will opine as follows:

1. Requirements for Aircraft Type and Production Certificates, and differences between requirements for Production Certificates and Certificated Repair Stations; (Borfitz Opinion 1).

2. Content of FAA Approved Technical Data for Major Repairs, and importance to comply with FAA Approved Technical Data when making a Major Repair; (Borfitz Opinion 2).

3. The Ocean Aire Quote omits significant costs and delays to repair and return N8076Y to legal Airworthy flight status, including, but not limited to: at least $20,000 to $30,000 for one or more DERs to prepare FAA Approved Technical Data that would require Ocean Aire to fabricate new Fixtures and instructions for new methods of assembly, and flight testing; new equipment for aligning parts to specifications and tolerances; and increased labor. (Borfitz Opinion 3).

4. Ocean Aire's method of assembling the Aft Fuselage Section shown in Boyd's Report differs significantly from the methods used by Piper, and may adversely impact the flight characteristics and limitations of the airframe; (Borfitz Opinion 4).

5. The Ocean Aire Quote and method of repair described in Boyd's Report violate the FAR and would not only fail to return N8076Y to legal Airworthy flight status, Ocean Aire's methods of repair without FAA Approved

      Technical Data present a significant risk that the repaired aircraft is unsafe to fly to its Type Certificate limitations. (Borfitz Opinion 5).

6. Boyd's statement that if a Major Repair was required, that Ocean Aire could legally return N8076Y to Airworthy status without FAA Approved Technical Data or submitting the proposed repair for FAA Field Approval on Form 337 by using the alternative endorsements Certified Repair Stations may use under 14 C.F.R Part 43, Appendix B, is patently FALSE. (Borfitz Opinion 6).

7. Boyd and Moore were required to know the content FAA Order 8300.16A [Major Repair and Alteration Data Approval] and FAA AC 43-210A [Standardized Procedures for Obtaining Approval of Data Used in the Performance of Major Repairs and Major Alterations] and should have known Boyd's above statement was FALSE. (Borfitz Opinion 7).

8. It is not reasonable to believe Ocean Aire was capable of disassembling the Fuselage Aft Section and Stabilator to replace damaged parts and then reassemble the Fuselage Aft Section and Stabilator to the same quality as Piper, and that it is reasonable to believe these differences would shorten the number of flight hours Mr. Hendrych could safely fly N8076Y to its maximum Service Ceiling of 25,000 feet and near its maximum speed (Vne). (Borfitz Opinion 8).

9. I agree with those portions of Mr. Hendrych's Report related to safety concerns after major repairs, and that airframes lose their rigidity and stiffness based on total time and severity of operation, which reduces the maximum speeds the aircraft can fly safely. (Borfitz Opinion 9).

10. If the FAA had actual notice that Boyd and Ocean Aire were returning Major Repairs of aircraft to service (flight status) without FAA Approved Technical Data, the FAA would pursue Enforcement Actions in accordance with FAA Order 2150.3C [FAA Compliance and Enforcement Program], which can result in an Order to Revoke or Suspend their Certificates as an A&P Mechanic, Inspector Authorization, and Certificated Repair Station. (Borfitz Opinion 10).

Borfitz Opinions Number 4, 5, 6, 7, 9, and 10 address issues to rebut the reports of Leonard Boyd and Jon Moore or issues that that Levenson clearly did not address. Further, Plaintiff's arguments, with regard to prejudice, that he must have an opportunity to now rebut the opinions of Boyd and Moore, are unavailing. Both Boyd and Moore speak to issues that appeared in the affirmative defenses of Defendant's Answer. (ECF No. 90 at p. 11-12). The issues regarding

6

damages, repairability, and safety are not new to this case. Moreover, as discussed above, this Court had deferred any requests for rebuttal reports. Thus, in regards to scope and rebuttal, Borfitz Opinions Numbers 4, 5, 6, 7, 9, and 10 violate this Court's directive.

The Court will grant Defendant's Motion for Sanctions by striking Borfitz Opinion Numbers 4, 5, 6, 7, 9, and 10, as beyond the scope of this Court's December 2, 2020 Order.

### C. Proffer of New Aircraft Appraisal

Finally, Sheltair argues that the Court should strike any attempt by Plaintiff to incorporate his valuation expert, Mr. Lucas's, report into his own. Sheltair contends that Plaintiff violated this Court's December 2, 2020 Order because Mr. Hendrych, proffering himself as an expert, provided an expert report in January 2020, but now has disclosed on January 25, 2021, that he will also serve as an appraisal expert. Plaintiff argues that this supplemental disclosure does not alter Mr. Hendrych's January 2020 report wherein he incorporated Lucas's report. Further, Plaintiff indicated that he will be withdrawing Lucas as an appraisal expert.

This Court's December 2, 2020 Order did not contemplate a request to substitute Mr. Hendrych as an appraisal expert. Therefore, Plaintiff's disclosure of Mr. Hendrych's updated resume does not violate the December 2, 2020 Order. Whether Mr. Hendrych is qualified to opine as an appraiser in this case or whether his January 2020 report is sufficient is not within the subject of Defendant's Motion for Sanctions pursuant to Fed. R. Civ. P. 37 and will not be addressed herein.

Accordingly, Defendant's Motion for Sanctions, as regard Mr. Hendrych's appraisal reports, is denied.

**ORDER**

And now this 22nd day of March 2021, following review of Defendant's Motion for Sanctions (ECF No. 127), Plaintiff's Response in Opposition (ECF No. 128), Defendant's Reply Brief (ECF No. 131), Plaintiff's Motion for Leave to File Reply to Response and Sur-Reply to Defendant's Motion for Sanctions (ECF No. 135), and Plaintiff's Notice to Withdraw Goglia as Expert in Case in Chief (ECF No. 137), and for the reasons stated above, Defendant's Motion for Sanctions is granted in part, denied in part, and deferred in part. Accordingly, it is hereby ordered as follows:

1. Borfitz Opinion Numbers 4, 5, 6, 7, 9, and 10, as referenced above, are stricken.

2. The Court is taking no action at this time concerning Mr. Hendrych's report and opinions, in relation to the arguments in Defendant's Motion for Sanctions.

3. Defense counsel shall submit its fees and expenses incurred for the preparation of their Motion for Sanctions (ECF No. 127) and Reply Brief (ECF No. 131) on or before March 30, 2021. Any response from Plaintiff's counsel shall be filed on or before April 6, 2021. The response from Plaintiff's counsel shall be limited to the monetary amount of any sanctions and shall refrain from any further discussion on the merits of the motion for sanctions.

4. Should the parties reach any agreement regarding experts or the outcome of Defendant's Motion for Sanctions, they should so inform the court on or before April 6, 2021.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge